IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.H. EBY, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 19-386 |
| TIMPTE INDUSTRIES, INC., | : | |
| | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION AND ORDER**

This action involves a dispute between Plaintiff M.H. Eby, Inc. ("Eby") and Defendant Timpte Industries, Inc. ("Timpte") arising out of the termination of an agreement under which Eby had served as an authorized dealer of Timpte trailers and parts and out of Eby's development of a competing "hopper bottom" grain trailer of its own. See Compl. (Doc. No. 1) ¶¶ 7-20. In its Complaint, Eby seeks a declaratory judgment declaring that: (1) it lawfully terminated an agreement under which it had been an authorized dealer of Timpte trailers and parts (the "Agreement"); (2) it is not obligated under the Agreement to provide Timpte with lists of the customers to whom it had sold Timpte trailers or parts or to return any of the parts that it purchased prior to termination of the Agreement; and (3) that it has not violated any of Timpte's intellectual property rights. Id. ¶ 48.

This matter has been referred to the undersigned by the Honorable Edward G. Smith for resolution of a discovery dispute.[1] Order (Doc. No. 22). The Court having considered the

---

[1] In the future, should Judge Smith decide to refer any additional discovery disputes in this matter to the undersigned for resolution, the parties should comply with the provision of this Court's Policies and Procedures regarding Discovery Matters that requires that letter memoranda

(Footnote continued on next page)

parties' submissions and having held a July 11, 2019 telephonic discovery hearing, the dispute is now ripe for resolution.

I. **OVERARCHING ISSUES**

Two overarching issues run throughout the parties' present dispute: (1) Eby's claim that it may withhold discovery regarding the development and marketing of its own trailer until it is satisfied that Timpte has identified a "valid" trade secret, Letter of Carol Steinour Young, Esquire to the Honorable Marilyn Heffley (July 1, 2019); and (2) Timpte's contention that it may obtain discovery regarding whether Eby complied with its contractual obligation to "use its best efforts to develop and exploit fully the sales potential of the [Timpte] trailers," even though neither party has asserted any claim regarding performance under the contract, Letter of Andre R. Barry, Esquire to the Honorable Edward G. Smith (June 26, 2019). Neither of those contentions are meritorious.

   A. **The Blanket Objections Stated in Eby's Responses to Timpte's Discovery Requests are Meritless**

Eby has objected to numerous Timpte discovery requests on the purported ground that the request "is not proportional to the needs of the case and is instead intended to cause annoyance, oppression and undue burden and expense" because, it asserts, Timpte has yet to adequately identify Timpte's trade secrets. See, e.g., Plaintiff's Revised Answers and Objections to Defendant Timpte Industries, Inc.'s First Set of Interrogatories 1-3 [hereinafter "Eby's Interrogatory Responses"]; Plaintiff's Revised Answers and Objections to Defendant Timpte Industries, Inc.'s First Set of Requests for Production of Documents 3-6 [hereinafter "Eby's Document Request Responses"]. Eby also has objected to Timpte's discovery requests on the

regarding discovery disputes be filed on the case docket as well as being submitted directly to chambers.

ground that they "seek[] the disclosure of Eby's trade secrets, strategic plans, and proprietary data." See, e.g., Eby's Document Request Responses 3-6. Apart from those repeated objections, Eby has provided only limited responses to Timpte's interrogatories and has not even searched for documents responsive to a number of document requests. Eby Document Request Responses 4, 14-15, 17, 22, 24, 26-28. In its correspondence with Timpte and the Court regarding Timpte's discovery requests, Eby has taken the position that it should not have to go to the expense of responding to Timpte's discovery requests because doing so "would be a pointless waste of resources until Timpte identifies a legitimate trade secret." Letter of Carol Steinour Young, Esquire to the Honorable Marilyn Heffley at 3 (July 1, 2019).

Eby's stated grounds for its objections to Timpte's discovery requests are spurious. Recognizing that the subject of this case is the alleged misappropriation of trade secrets, the parties entered into a Joint Stipulation and Protective Order that has been adopted by the Court, which, inter alia, permits a party to designate documents reflecting confidential information as "Attorney's Eyes Only" and provides that such documents or information "shall be shielded from public access [and] restricted from any access by the parties." Joint Stipulation and Protective Order (Doc. No. 20) at 2. During the July 11, 2019 telephonic hearing with the Court, both parties agreed that the presence of that order vitiates concerns over the confidential, proprietary nature of any information or documents that may be produced in this litigation.

Eby's generalized assertion that responding to Timpte's discovery requests would be unduly burdensome and expensive is little better. As discussed above, Eby has expressly stated in a number of its responses that it has not searched for responsive documents. When questioned during the telephonic hearing, Eby's counsel was unable to address the manner in which Eby stores information regarding the products that it manufactures or sells for other manufacturers,

such as Timpte, or regarding its development of its own hopper bottom trailers. Nor was she able to quantify or support in any concrete way any concerns regarding the cost of compliance with Timpte's discovery requests, let alone to show that such costs would be disproportionate to the needs of this case.[2] In the absence of such a showing, the Court cannot begin to estimate the costs of proper responses or to evaluate the proportionality of that cost and, therefore, it will not credit Eby's contentions regarding cost or burden of production. Moreover, the notion that Eby can sue for a declaration that it has not violated Timpte's intellectual property rights in creating and marketing its own competing grain hopper trailer without providing full discovery regarding the process by which it developed and marketed its trailer is simply unsupportable.

### B. Timpte's Identification of Its Trade Secrets Is Adequate for the Current Stage of the Litigation

Although Eby's stated objections regarding the cost of responding to Timpte's discovery requests is meritless on the current record, the issue regarding the extent of the obligation of a party alleging misappropriation of trade secrets to identify the trade secrets in question is a legitimate one that is commonplace in trade secret litigation. Arthrex, Inc. v. Parcus Med., LLC, No. 2:10-cv-151-FTM-36DNF, 2010 WL 11622727, at *1-2 (M.D. Fla. Dec. 16, 2010). In the present case, the Court concludes that the identification of trade secrets that Timpte has provided

---

[2] That Eby has not made any attempt to quantify those costs or to compare them to the financial and other interests at issue in this action provides further evidence that Eby's expressed concerns regarding the cost of compliance with Timpte's discovery requests is merely pretextual. Nevertheless, the Court notes that Eby's website reflects that it is a substantial entity with manufacturing locations in three states and over 150 dealers across the United States and Canada. https://www.mheby.com/store-locator.html. Moreover, a cursory internet search of a website that Eby previously has used as a reference in this action, see Letter of Carol Steinour Young, Esquire to Andre R. Barry, Esquire at 2 (May 13, 2019), reflects that the approximate price for a single grain hopper trailer ranges from $20,000 to $40,000. See https://www. truckpaper. com/listings/trailers/for-sale/list/category/54/hopper-grain-trailers?YF=2019&YT =2020&SortOrder=42&scf=False&CTRY=USA.

4

is adequate for the purposes of conducting discovery and that no further identification is required at this time.

A party asserting misappropriation of trade secrets has an obligation to identify the trade secrets in dispute with "reasonable particularity." Arconic Inc. v. Novelis Inc., No. 17-1434, 2018 WL 4944373, at *1-2 (W.D. Pa. Mar. 14, 2018); Hill v. Best Med. Int'l, Inc., No. 09-1194, 2010 WL 2546023, at *3 (W.D. Pa. June 24, 2010). The level of particularity required changes with the stage of the litigation in which the dispute arises. A party is not required to identify its alleged trade secrets with particularity in its initial pleadings, because doing so could expose the trade secrets that the party is seeking to protect. See Magnesita Refractories Co. v. Tianjin New Century Refractories Co., No. 1:17-CV-1587, 2019 WL 1003623, at *9 (M.D. Pa. Feb. 28, 2019). In contrast, once significant discovery has been completed, courts generally impose a greater burden on a party to identify the allegedly misappropriated trade secrets with greater particularity. See, e.g., Synygy, Inc. v. ZS Assocs., Inc., No. 07-3536, 2013 WL 3716518, at *5 (E.D. Pa. July 15, 2013) (stating that "[n]ow that fact discovery has concluded, defendants . . . should not be required to 'guess' what [plaintiff's] trade secrets are"); see also Gentex Corp. v. Sutter, No. 3:07-CV-1269, 2008 WL 5068825, at *1 (M.D. Pa. Nov. 25, 2008) (distinguishing burden of particularity as changing between pleading, discovery and summary judgment stages of litigation), partial reconsideration granted on other grounds, No. 3:07-CV-1269, 2009 WL 467313 (M.D. Pa. Feb. 23, 2009).

Determinations regarding the adequacy of a party's identification of its alleged trade secrets present "'a fact-specific question to be decided on a case-by-case basis.'" L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc., No. 10-CV-02868-MSK-KMT, 2011 WL 10858409, at *2 (D. Colo. Oct. 12, 2011) (quoting Gentex, 2008 WL 5068825, at *1); DeRubeis v. Witten Tech.,

5

Inc., 244 F.R.D. 676, 681 (N.D. Ga. 2007). Such determinations are made through a balancing of the parties' competing interests in light of the specific facts of the case. Arthrex, Inc., 2010 WL 11622727, at *1-2. As one court described that balancing: "because it is the defendant who knows what it misappropriated, a plaintiff should not be required to plead with specificity all of its possible trade secrets in order to proceed to discovery. On the other hand, courts generally require sufficient pleading such that the other party is on notice of what it is alleged to have misappropriated." Yeiser Research & Dev. LLC v. Teknor Apex Co., 281 F. Supp. 3d 1021, 1043-44 (S.D. Cal. 2017) (internal citations and quotation marks omitted). "Pre-discovery identification should define the contours of the dispute by providing identifiable limits to discovery." Structural Pres. Sys., LLC v. Andrews, No. 12-1850-MJG, 2013 WL 12244886, at *6 (D. Md. Dec. 17, 2013) (citing DeRubeis, 244 F.R.D. at 680). "Reasonable particularity has been defined at the pre-discovery phase of litigation as a description that is sufficient to (a) put a defendant on notice of the nature of the plaintiff's claims and (b) enable the defendant to determine the relevancy of any requested discovery concerning its trade secrets." Arconic, 2018 WL 4944373, at *1-2 (citing Hill, 2010 WL 2546023, at *3).

In the present case, Timpte has provided the Court with its own responses to Eby's interrogatories, in which Eby requested that Timpte: (1) "Describe in detail the similarities between the Eby trailer and the Timpte trailer," and (2) "Describe in detail how the alleged similarities between the Eby trailer and the Timpte trailer support your claim for theft of trade secrets." Defendant Timpte Industries, Inc.'s Answers to Plaintiff's First Set of Interrogatories 9, 10. The Court has reviewed Timpte's responses to those interrogatories and finds that, for the current stage of the litigation, they are adequate to identify the trade secrets at issue with the requisite reasonable particularity. That is, they provide sufficient information to "(a) put a

defendant on notice of the nature of the plaintiff's claims and (b) enable the defendant to determine the relevancy of any requested discovery concerning its trade secrets." Arconic Inc., 2018 WL 4944373, at *1-2. This is particularly the case in light of the fact that Eby is itself a manufacturer of grain trailers and has stated that, in developing its own competing trailer, it "observed, examined, scrutinized, and studied multiple parts of trailers manufactured by Timpte and other manufacturers." Eby's Interrogatory Response 1. Thus, Eby has the expertise to understand the nature of Timpte's claimed trade secrets well enough to proceed with discovery based on the responses provided. Moreover, as a practical matter, a precise definition of Timpte's alleged trade secrets is not required to determine the relevancy of the specific discovery requests that Eby has challenged here. In an action seeking a declaratory judgment that the manufacturer of a new product did not appropriate trade secrets from another manufacturer, information relating to the design, production and marketing of the new product are plainly relevant and discoverable.

    Eby has presented no basis for the Court to believe that a more specific definition of Timpte's trade secrets relating to grain hopper trailers or other limitation to Timpte's discovery requests is necessary to enable Eby to properly responds to those requests. Eby's counsel represented to the Court during the telephonic hearing that Eby had begun development of its trailer in or about January 2018 and she was unable to say whether it had as yet begun sales. The grain hopper trailer in question is only one of several types of trailers that Eby manufactures. See https://www.mheby.com/grain-trailers.html. It appears to this Court highly unlikely that Eby has not organized its files in a manner that segregates documents regarding the research, development and marketing of its new product from those regarding its other manufactured products or the products that it sells on behalf of other manufacturers. Nor does it appear likely

that the responsive documents would be unreasonable in volume in light of the single product at issue in this case and the short time period involved. In any event, as discussed above, Eby has not made any showing that could justify limiting its discovery obligations based on cost or burden.

For these reasons, Eby has failed to convince the Court that a more specific definition of Timpte's alleged trade secrets is required at this juncture in the litigation. Nor, with the exception of the information addressed <u>infra</u> in Section I(C), has Eby convinced the Court that Timpte's discovery requests are themselves unreasonable or disproportionate.

### C. Timpte Is Not Entitled to Conduct Discovery Regarding Potential Claims for Breach of Contract

Timpte asserts that it should be permitted to conduct extensive discovery regarding whether Eby might have breached its contract with Timpte in general and, in particular, regarding whether Eby complied with its contractual obligation to use its best efforts to fully exploit the sales potential of Timpte's trailers. <u>See</u> Letter of Andre R. Barry, Esquire to Carol Steinour Young, Esquire at 2 (May 7, 2019). That assertion lacks substance. The declaration that Eby seeks in this action is that it has not violated Timpte's intellectual property rights in its development of its own competing trailer, that it lawfully terminated the parties' contract, which, by its terms permitted either party to terminate automatically on the defined expiration date of December 31, 2018, Compl. Attachment A, at ¶ 7, and that it is not obligated to return trailer parts that it previously purchased from Timpte or to disclose its customer list. <u>Id.</u> ¶ 48. There is no claim in this action for breach of contract or regarding Eby's performance of the contract during its term. In the absence of any claim or defense based on the adequacy of Eby's efforts in performing the contract, this Court will not permit Timpte to engage in a classic "fishing

expedition" in search of a possible basis for it to assert its own claims.[3] Therefore, Eby shall not be required to respond to discovery requests related to the quality of its efforts to fully exploit the sales potential of Timpte's trailers.

## II.    INDIVIDUAL DISCOVERY REQUESTS

In addition to the directives provided by the Court supra, the parties shall respond to the following discovery requests in the manner set out below.

### Disputed Interrogatories

**Timpte Interrogatory 1**:

Eby shall provide a further response identifying the parts that are subject to the interrogatory. However, if appropriate, Eby may respond through the production of business records pursuant to Fed. R. Civ. P. 33(d).

**Timpte Interrogatory 2**:

Eby shall not be required to fully respond to this interrogatory in the manner the interrogatory directs. Timpte has not demonstrated that a full listing of the physical location(s) where all parts it sold to Eby where kept and how they each were disposed of individually is proportional to the needs of this litigation. On the other hand, Eby has asserted that it did not use Timpte parts or components in the manufacture of its own trailers. Compl. ¶ 41. That assertion is potentially relevant to the issue of whether Eby may have misappropriated Timpte's trade secrets. Accordingly, the discovery of at least some information regarding Eby's use of Timpte

---

[3]    Timpte attempts to justify broad discovery regarding whether Eby exercised its best efforts to maximize sales of Timpte products by pointing to the simple assertion in Eby's Complaint that "Eby has not defaulted under the Agreement." See Letter of Andre R. Barry, Esquire to Carol Steinour Young, Esquire at 2 (May 7, 2019). That assertion, however, is not the basis for Eby's claims, and Timpte has not asserted any counterclaim, let alone one for breach of contract.

parts is appropriate. During the telephonic hearing, Eby's counsel was unable to address the extent to which Eby maintains inventory records or other summary documents sufficient to establish generally the manner in which Eby used or disposed of the parts, and more particularly, whether it incorporated any Timpte parts or trade secrets in the development or manufacture of its own trailers. The parties shall meet and confer in an attempt to determine what category of existing Eby documents or computerized records could be sufficient to serve that limited purpose.

**Timpte Interrogatory 3**:

Eby shall not be required to provide a further written response to this interrogatory. However, the Court notes that Eby's interrogatory responses regarding individuals involved in the development of Eby's trailer and documents reviewed or created as part of that development in response to Interrogatory 4 will provide Timpte with the opportunity to inquire during depositions regarding whatever alleged untoward activity it believes that Eby may have taken with regard to the three trailers identified in the interrogatory. In addition, Eby's response to Timpte's document requests seeking all documents related to the design or development of its own trailer, see Document Requests 3, 5, its manufacturing process, see Document Request 4, its decision to develop its own trailer, see Document Request 6, and sales or informational literature regarding Eby's trailer, see Document Request 13, as well as questioning at future depositions will provide reasonable and proportional responsive information on this topic.

**Timpte Interrogatory 4**:

Eby shall not be required to provide an additional response to this interrogatory.[4]

---

[4] As to each discovery request for which this Memorandum Opinion and Order states that a

(Footnote continued on next page)

**Timpte Interrogatory 5**:

Eby shall not be required to respond fully to the interrogatory as it is stated. However, Eby shall conduct a reasonable investigation to determine, either through records or through questioning the relevant employees, the identities of the persons it sent to the trade show in question for the purpose of assisting in its presentation at the trade show and shall disclose the names of those individuals.

**Timpte Interrogatory 6**:

Eby shall not be required to provide a further response to this interrogatory.

**Timpte Interrogatory 7**:

Eby shall not be required to provide a further response to this interrogatory. The Court notes, however, that Eby has identified in its response the "key individuals" who were responsible for the pricing of Eby's trailers. Timpte may inquire during depositions regarding the extent to which other individuals may have had input into Eby's pricing decisions with respect to its grain hopper trailers.

**Timpte Interrogatory 8**:

Eby shall not be required to provide a response to this interrogatory.

**Timpte Interrogatory 9**:

Eby shall not be required to provide a response to this interrogatory.

---

further response shall not be required, the parties shall remain subject to the requirements of Fed. R. Civ. P. 26(e) regarding the supplementation of discovery responses.

**Disputed Document Requests**[5]

**Timpte Document Request 3**:

Eby shall produce all responsive, non-privileged documents.

**Timpte Document Request 4**:

Eby shall produce all responsive, non-privileged documents.

**Timpte Document Request 5**:

Eby shall produce all responsive, non-privileged documents.

**Timpte Document Request 6**:

Eby shall produce all responsive, non-privileged documents.

**Timpte Document Request 7**:

Eby shall produce all responsive, non-privileged documents.

**Timpte Document Requests 8-10**:

Eby's obligation to respond to these requests shall be limited in the manner described with respect to Timpte Interrogatory 2, supra.

**Timpte Document Request 11**:

Eby shall produce the responsive, non-privileged documents. However, its production

---

[5] In some of its responses to Timpte's document requests, Eby has only agreed to produce "documents" related to the request without clearly defining what scope of responsive documents it has agreed to produce or the nature and scope of otherwise responsive documents it has declined to produce. See Eby Document Request Responses 3, 5-7, 10-11, 19-20, 23. To the extent that it has not done so to date, Eby shall clarify for each document request whether it has produced all responsive non-privileged documents, and if it has not produced all such documents, shall specify with reasonable particularity the categories of documents that it has produced and/or any categories of documents that it has excluded from its review and production. See Fed. R. Civ. P. 34(b)(2). Both parties shall meet this requirement in response to all document requests issued in this action, both for existing document requests and for any future document requests.

shall be limited to any lists, charts, catalogue or the like that reflect pricing for Timpte grain hopper trailers or their component parts for any time from January 1, 2017[6] to the present as well as to any market or pricing analyses related to that time period regarding grain hopper trailers that mention Timpte or its grain hopper trailers or parts for such trailers.

**Timpte Document Request 13**:

Eby shall produce all responsive, non-privileged documents.

**Timpte Document Request 14**:

Eby shall produce all responsive, non-privileged documents.

**Timpte Document Request 15**:

Eby shall produce all responsive, non-privileged documents. However, its response obligation shall be limited to the time period from January 1, 2017 through the date Eby filed its Complaint in this action.

**Timpte Document Request 16**:

Eby shall produce all responsive, non-privileged documents.

**Timpte Document Request 17**:

Eby shall produce all responsive, non-privileged documents.

**Timpte Document Request 18**:

Eby shall produce all responsive, non-privileged documents without regard to whether it

---

[6] This date is based upon Eby's counsel's representation to the Court that she believed Eby began the process of designing and deciding to manufacture its own trailers in or about January 2018. Extending the response to include 2017 should address any uncertainty as to the exact date on which Eby began to consider manufacturing its own trailers and capture documents reflecting any activities that may have taken place prior to January 2018. Should the parties discover that process, in fact, began at an earlier time, the Court expects that they will negotiate in good faith an agreement as to when the relevant time period may have begun.

considers such documents to contain only information that is publicly available.

**Timpte Document Request 19**:

Eby shall produce all responsive, non-privileged documents.

**Timpte Document Request 20**:

Eby shall produce all responsive, non-privileged documents.

**Timpte Document Request 22**:

This request is unreasonably broad and not proportional to the needs of this litigation. Consequently, Eby need not produce any further response to it.

**Timpte Document Request 23**:

Eby shall produce all responsive, non-privileged documents.

**Timpte Document Request 24**:

Eby shall produce all responsive, non-privileged documents.

**Timpte Document Request 25**:

Eby shall produce all responsive, non-privileged documents. However, its response obligation shall be limited to the time period from January 1, 2017 to the present.

**Timpte Document Requests 26-28**:

Eby shall not be required to respond to these requests.